**Bexhet SHATKU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–3465–ag.**

United States Court of Appeals, Second Circuit.

May 28, 2009.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

Present: GUIDO CALABRESI, ROBERT D. SACK and DEBRA ANN LIVINGSTON, Circuit Judges.

***SUMMARY ORDER***

UPON DUE CONSIDERATION of this petition for review of a Board of Immigra-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

tion Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED, that the petition for review is DENIED.

Bexhet Shatku, a native and citizen of Albania, seeks review of a June 17, 2008 order of the BIA affirming the November 7, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, which pretermitted his asylum application and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bexhet Shatku,* No. A099 568 262 (B.I.A. June 17, 2008), *aff'g* No. A099 568 262 (Immig. Ct. N.Y. City Nov. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements it, this Court reviews the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008). Issues of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

While we lack jurisdiction over Shatku's arguments regarding the factual issues surrounding his untimely asylum application, Shatku arguably raises one question of law over which we may exercise jurisdiction: that it was legal error for the agency to fail to consider all evidence of probative value, specifically, testimony by his sister regarding when Shatku first contacted her from within the United States. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc); *cf. Dong Zhong Zheng v. Mukasey,* 552 F.3d 277, 285–86 (2d Cir.2009) (finding jurisdiction over due process argument that agency ignored probative evidence). However, we find that Shatku's contention is not supported by the record because the BIA explicitly noted that it considered his sister's testimony. We therefore will not disturb the agency's pretermission of Shatku's asylum claim.

## II. Withholding of Removal and CAT Relief

With regard to Shatku's claims for withholding of removal and CAT relief, the agency denied his application because country conditions had changed in Albania, namely, the Democratic Party returned to power in Albania through general elections in July 2005. *See Gjolaj v. Bureau of Cit. and Imm. Servs.,* 468 F.3d 140, 143 n. 2 (2d Cir.2006); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 188(2d Cir.2006) (per curiam). However, as the BIA noted in its decision, Shatku failed to challenge the IJ's finding of changed country conditions in his brief on appeal to the BIA. We therefore will not consider this unexhausted issue. *See Lin Zhong v. U.S. Dep't. of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007) (describing the issue exhaustion requirement as "mandatory"). Because the agency's changed country conditions finding is a sufficient basis for the agency's denial of relief, we will not disturb the agency's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).